**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VINCENT E. TRIMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−0815−NJR |
| | ) |
| DAVID RAINS and | ) |
| JAKE BROOKHART, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Vincent Trimble, formerly an inmate in Robinson Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred there. Plaintiff seeks declarative relief and damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Although it appears that Plaintiff has now been released, he was a prisoner at the time he filed this lawsuit, so the Court will screen the case pursuant to § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff had an account with a company called Extended Hands Gift Shop, Inc. ("Extended Hands") out of Midlothian, Illinois. (Doc. 1, p. 6). The company accessed his Facebook account, printed out any messages there, and sent them to Plaintiff during his incarceration. *Id.* Prior to the events at issue, Plaintiff had used Extended Hands at Lincoln Correctional Center and Galesburg Correctional Center without incident. (Doc. 1, p. 7).

On October 19, 2016, Lieutenant Brookhart called Plaintiff into the internal affairs office to discuss Plaintiff's correspondence with Extended Hands. (Doc. 1, p. 6). Plaintiff explained that he had a Facebook account, which Extended Hands monitored on his behalf. *Id.* Brookhart told Plaintiff that he must immediately stop corresponding with Extended Hands or that Brookhart would issue him a disciplinary report for engaging in a business venture. (Doc. 1, p. 7). Brookhart further stated that he would find Plaintiff guilty, place him in segregation, submit him for a disciplinary transfer, and shut down his Facebook account. *Id.* Plaintiff told Brookhart that he was unaware of any Illinois Department of Corrections ("IDOC") regulation that forbade

inmates from using companies like Extended Hands and that he had used them at other prisons prior to Robinson. *Id*. Brookhart said those prisons were wrong, but could not cite to any rule or statute number that Plaintiff was violating. *Id.* Brookhart stated that he had checked with the chain of command, and they confirmed that a prisoner could not use his Facebook account. *Id.*

On October 31, 2016, Plaintiff saw Defendant Rains in the dining room and spoke to him about his use of Extended Hands. *Id.* Rains stated that he would not permit Plaintiff to correspond with Extended Hands or any other party printing out Facebook messages for prisoners. *Id.* Since that time, incoming correspondence from Extended Hands and other parties was confiscated by mailroom staff and either returned to sender or held. (Doc. 1, p. 8).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into one count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** Brookhart and Rains violated Plaintiff's First and Fourteenth Amendment rights when Brookhart directed the mailroom to hold or return all correspondence from Extended Hands, threatened Plaintiff with disciplinary action, and generally forbade him from corresponding with Extended Hands, and Rains approved and condoned that conduct.

Plaintiff has a limited First Amendment right in receiving and sending mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). The reasonableness of a restriction on outgoing mail turns on whether the censorship is justified by a substantial penological interest and if the means employed are no more intrusive than necessary to achieve that goal. *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *overruled on other grounds*,

*Thornburgh v. Abbott*, 490 U.S. 401, 412-13 (1989); *Koutnik v. Brown*, 456 F.3d 777, 781 (7th Cir. 2006); *see also Gaines v. Lane*, 790 F.2d 1299 (7th Cir. 1986).

As to the incoming mail, the standard is different. Pursuant to *Turner v. Safely*, the regulations regarding incoming mail must only be "reasonably related to legitimate penological interests." 482 U.S. 78, 89-90 (1987). The primary factor is whether a valid, rational connection exists between the restriction and a legitimate interest. *Id.* A restriction on speech that fails to meet this connection fails under *Turner. See Shaw v. Murphy,* 532 U.S. 223, 229-30 (2001). The other factors relevant in determining a restriction's reasonableness include whether the inmate has alternative means of exercising the right; the impact accommodation of the asserted right would have on guards, other inmates, and prison resources; and the absence of a reasonable alternative to the regulation or practice. *Turner,* 482 U.S. at 90.

Here, Plaintiff has alleged that his incoming and outgoing mail to Extended Hands was impermissibly restricted. Specifically, he has alleged that he was prohibited from sending and receiving mail from Extended Hands despite the fact that his correspondence did not violate any relevant IDOC regulations. In fact, he also has alleged that other IDOC prisons permitted the correspondence. This is certainly enough to state a plausible claim that the restriction on both Plaintiff's incoming and outgoing mail is unsupported by a legitimate penological interest. And, as to the outgoing mail claim, Plaintiff has made a plausible allegation that the means used—in this instance, a complete restriction on outgoing mail to Extended Hands and the threat of severe disciplinary action—was more intrusive than necessary. At this stage, **Count 1** will proceed against both defendants.

## Pending Motions

Plaintiff has a pending motion for service at government expense. (Doc. 4). Plaintiff has been granted leave to proceed *in forma pauperis*, and thus the Court must order service on Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3). For this reason, Plaintiff's Motion is moot.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) will be addressed by Magistrate Judge Wilkerson by separate order.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review. Because service is ordered below, Plaintiff's Motion for Service at Government Expense (Doc. 4) is **DENIED as moot**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Rains and Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This

information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 27, 2017**

*/s/ Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**United States District Judge**